UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES LYONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-802 (RWR) |
| | ) | |
| THE FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Edgefield, South Carolina.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the sentence imposed on him by the Superior Court of the District of Columbia. Respondents have filed a motion to dismiss for lack of jurisdiction.  Because petitioner previously sought in the Superior Court habeas relief he has not shown to be inadequate or ineffective, this Court lacks jurisdiction to entertain his § 2241 petition, and respondents' motion will be granted.

*Background*

On March 1, 1991, in the Superior Court of the District of Columbia, petitioner was found guilty of voluntary manslaughter, mayhem while armed, and two counts of assault with a deadly weapon.  Petition for Writ of Habeas Corpus ("Pet."), p. 2.  Petitioner was sentenced to an imprisonment term of 23 years and four months to life.  *Id.*  On direct appeal, the District of Columbia Court of Appeals concluded that one of the assault convictions should be vacated, but otherwise upheld petitioner's convictions and sentence. Government's Motion to Dismiss ("Govt.'s

Mot."), Exhibit ("Ex.") A.

On October 3, 1995, petitioner filed a motion for post-conviction relief pursuant to D.C. Code § 23-110 in Superior Court. Pet., p. 3. In the motion, petitioner claimed that (1) his sentence was excessive; (2) he was deprived of the effective assistance of counsel; (3) the jury was polled outside his presence; (4) the trial judge modified petitioner's sentence without petitioner being present; and (5) the penalty for his mayhem conviction was improper. *Id.* The Superior Court denied the motion on the ground that petitioner failed to raise the issues on direct appeal. *Id.*, pp. 3-4; Govt.'s Mot., Ex. B.

Petitioner filed a second § 23-110 motion in Superior Court on April 21, 1997. Pet., p. 4. The Superior Court denied the motion because petitioner had not raised his claims on direct appeal and the successive motion was barred by D.C. Code § 23-110(e). *Id.*; Govt.'s Mot., Ex. C. In 2001, petitioner filed two more motions for post-conviction relief in the Superior Court. *Id.*, Ex. D. In these motions, petitioner alleged that his counsel was ineffective and that his sentence was illegal. *Id.* On January 23, 2003, the Superior Court denied the motions on the grounds that (1) petitioner failed to show cause why the issues were not raised on direct appeal; (2) the motions were barred as successive; and (3) the claims were without merit. *Id.*

Petitioner then filed in Superior Court a "Request for Correction of Judgment and Commitment Nunc Pro Tunc to Represent the True Jury Verdict." *Id.*, Ex. E. On November 30, 2004, the Superior Court denied the motion, holding that petitioner was properly sentenced within the statutory maximum for his offenses. *Id.* Thereafter, petitioner filed for habeas relief in this Court.

*Discussion*

Petitioner seeks habeas relief on the ground that the sentence imposed in Superior Court is

unconstitutional. Respondents move to dismiss for lack of jurisdiction because D.C. Code § 23-110 is petitioner's exclusive habeas remedy.  Petitioner contends that this remedy is inadequate or ineffective.

Section 110 of Title 23 of the District of Columbia Code provides a procedure for persons convicted and sentenced in the Superior Court to challenge their convictions through a motion filed in that court.  Under Section 23-110(g), an

> application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal ... court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Similar to the remedy provided by 28 U.S.C. § 2255 for federal prisoners, the remedy available pursuant to a motion to vacate sentence under Section 23-110 is adequate and effective because it is coextensive with habeas corpus. *Swain v. Pressley*, 430 U.S. 372, 381-82 (1977); *Perkins v. Henderson*, 881 F. Supp. 55, 60 n. 6 (D.D.C. 1995).  Federal courts do not have jurisdiction to hear habeas petitions by prisoners who had a section 23-110 remedy available to them unless the petitioner can show that the remedy was inadequate or ineffective. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998).  A habeas remedy is "inadequate or ineffective" when it is "so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)(*quoting In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)(emphasis in original).

Other than the fact that his motions for post-conviction relief have been unsuccessful, petitioner does not identify the basis of his claim that section 23-110 provides an inadequate or ineffective remedy. The fact that a petitioner's motion has been denied does not make the remedy

either inadequate or ineffective. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). Therefore, the fact that petitioner was barred from filing a successive petition, from re-litigating issues raised on direct appeal, or procedurally barred from pursuing relief on issues not raised on direct appeal, does not render section 23-110 an inadequate or ineffective remedy. *See Hernandez-Pauturi v. Bureau of Prisons*, 221 F.3d 196, 2002 WL 628223 (D.C. Cir.)(*per curiam*); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Garris*, 794 F.2d at 726.

*Conclusion*

Because the petitioner has an adequate habeas remedy in the District of Columbia courts, this Court lacks jurisdiction over the petition for habeas corpus relief filed here. Respondents' motion to dismiss will be granted.

A separate Order accompanies this Memorandum Opinion.

```
_____
RICHARD W. ROBERTS
United States District Judge
```

DATE: November 9, 2005